<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-1066**

———————————

SHAHID AFZAAL MALIK,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————————

**No. 06-1562**

———————————

SHAHID AFZAAL MALIK,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————————

On Petitions for Review of Orders of the Board of Immigration Appeals. (A93-279-949)

———————————

Submitted: November 30, 2006        Decided: January 3, 2007

———————————

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Petitions dismissed in part; denied in part by unpublished per curiam opinion.

---

Shanta Ramson, RAMSON & ASSOCIATES, LLC, Burtonsville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Francesca U. Tamami, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Shahid Afzaal Malik, a native and citizen of Pakistan, seeks to challenge two decisions of the Board of Immigration Appeals (Board). In No. 06-1066, Malik challenges the Board's order finding that the immigration judge did not err in denying his applications for a waiver of inadmissibility under § 212(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(I) (2000), and for adjustment of status. We lack jurisdiction to review any claim that the Board abused its discretion in affirming the denial of a § 212(I) waiver, Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001), and the subsequent denial of adjustment of status. 8 U.S.C.A. § 1252(a)(2)(B)(I) (West 2005). Under 8 U.S.C.A. § 1252(a)(2)(D) (West 2005), we do have "a narrowly circumscribed jurisdiction to resolve constitutional claims or questions of law raised by aliens seeking discretionary relief." Higuit v. Gonzales, 433 F.3d 417, 419 (4th Cir.), cert. denied, 126 S. Ct. 2973 (2006). However, we find no merit in Malik's alleged deprivations of his constitutional rights.

In No. 06-1562, Malik petitions for review of a decision of the Board denying his motion to reopen and reconsider the Board's initial order. To the extent Malik seeks review of the Board's reconsideration of its discretionary denial of relief under § 1252(a)(2)(B)(I), we have no jurisdiction to review that denial "dressed up as a motion to reconsider." Jean v. Gonzales, 435 F.3d

- 3 -

475, 481 (4th Cir. 2006).  As to the Board's application of its general precedent and regulations concerning motions to reopen and reconsider, we hold that the Board did not abuse its discretion in denying Malik's motion to reopen and reconsider.  See INS v. Doherty, 502 U.S. 314, 323-24 (1992); 8 C.F.R. § 1003.2(a) (2006).

Accordingly, we dismiss the petitions for review in part for lack of jurisdiction, and deny them in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DISMISSED IN PART; DENIED IN PART